IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2022

**MICHAEL MCVAY v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 10-02031      Carolyn W. Blackett, Judge**

_____

**No. W2021-00324-CCA-R3-PC**

_____

The petitioner, Michael McVay, appeals the post-conviction court's dismissal of his petition for post-conviction relief, arguing the post-conviction court erred in finding his petition untimely. Upon our review of the record, the applicable law, and the briefs of the parties, we affirm the dismissal of the petition as barred by the one-year statute of limitations.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

J. ROSS DYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and JILL BARTEE AYERS, JJ., joined.

Joseph McClusky, Memphis, Tennessee, for the appellant, Michael McVay.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Facts and Procedural History*

A Shelby County jury convicted the petitioner, Michael McVay, with rape of a child, aggravated sexual battery, rape, and sexual battery by an authority figure. *State v. Michael McVay*, No. W2011-02511-CCA-R3-CD, 2013 WL 1858626 (Tenn. Crim. App. May 2, 2013), *perm. app. denied* (Tenn. Oct. 16, 2013). The trial court sentenced the petitioner to serve 25 years for rape of a child, 20 years for aggravated sexual battery, 20 years for rape, and 10 years for sexual battery by an authority figure. *Id.* Additionally, the

trial court ordered all sentences to run consecutively, with a 100% release eligibility for the first three counts – child rape, aggravated sexual battery, and rape, and a 35% release eligibility for count four, sexual battery by an authority figure, for an effective sentence of 75 years in the Department of Correction. *Id.*

On direct appeal, this Court affirmed the petitioner's convictions and sentences in Counts No. 1 (rape of a child), 3 (rape), and 4 (sexual battery by an authority figure), and the trial court's determination that all of the petitioner's sentences should be served consecutively based on the fact that he was convicted of two or more offenses involving sexual abuse of a minor. *Id.* at *8. While this Court affirmed the petitioner's conviction in Count 2 for aggravated sexual battery, the Court vacated the petitioner's sentence in that count and "remanded for a new sentencing hearing in compliance with Tennessee Code Annotated section 40-35-210 and *Blakey v. Washington,* 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004)." *Id.* at *10.

On remand, the trial court sentenced the petitioner to statutory minimum of 12 years for aggravated sexual battery. The amended judgment was entered by the trial court on March 11, 2014. The petitioner did not appeal.

On December 3, 2019, the petitioner filed a pro se petition for post-conviction relief as well as a "Motion to Toll the Statute of Limitations Based on Due Process Principles."[1] In response, the State filed a motion to dismiss, arguing the petition "falls outside the statute of limitations and [the] petitioner has failed to establish sufficient grounds for tolling the statute of limitations." A hearing was held on February 25, 2021, during which the petitioner offered no proof in support of his petition. After brief arguments by both post-conviction counsel and the State, the post-conviction court dismissed the petition as barred by the statute of limitations and determined due process did not require tolling of the statute. This timely appeal followed.

### *Analysis*

On appeal, the petitioner argues that "due process considerations require tolling of the statute of limitations in this matter and that it was error to dismiss the matter before a full hearing on the merits." More specifically, the petitioner, relying on *Antonio Oliver v.*

---

[1] The "Filed" stamp date on the petition for post-conviction relief is, at best, difficult to decifer. Throughout the record, there are numerous dates referenced as the filing date for the petition for post-conviction relief. According to the record, post-conviction counsel sent a letter to the petitioner on November 19, 2019, stating that the petition had been reviewed, was enclosed, and was ready for filing. Then, the "Filed" stamped date on the petition appears to read December 3, 2019. However, the State's response and the post-conviction court's order state the petition was filed on January 29, 2020. Despite the conflicting dates, we will consider the petition as filed on December 3, 2019.

*State*,[2] insists his trial counsel unilaterally terminated his representation of the petitioner without notifying the petitioner and "never told [the] [p]etitioner about post-conviction." The State contends the petitioner failed to meet his burden by failing to offer any proof during the hearing and, unlike in *Antonio Oliver*, the petitioner failed to diligently pursue his rights. Additionally, the State notes the that petitioner's ignorance of post-conviction procedures does not allow for the tolling of the statute of limitations. Upon our review of the record and the applicable law, we agree with the State.

The Post–Conviction Procedure Act states the following:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

Tenn. Code Ann. § 40-30-102(a). Pursuant to Tennessee Code Annotated section 40-30-102(b), a court does not have jurisdiction to consider a petition for post-conviction relief filed outside the one-year statute of limitations unless "[t]he claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required[,]" "[t]he claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted[,]" or the petitioner "seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid[.]" Tenn. Code Ann. § 40-30-102(b).

Tennessee courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." *Williams v. State*, 44 S.W.3d 464, 468 (Tenn. 2001). When a petitioner fails to timely file a petition for post-conviction relief due to circumstances outside of his control, due process requires tolling of the statute of limitations. *Id.* at 468-69. Due process concerns may toll the statute of limitations when the petitioner is mentally incompetent or if the petitioner's trial counsel misrepresented to the petitioner that trial counsel was still representing the petitioner, thereby precluding the petitioner from filing a pro se petition for post-conviction relief. *Id.* at 469 (citing *Seals v. State*, 23 S.W.3d 272, 279 (Tenn. 2000)). Additionally, "in

---

[2] No. W2009-02113-CCA-R3-PC, 2011 WL 4432884 (Tenn. Crim. App. Sept. 23, 2011), *no perm. app. filed.*

certain circumstances, due process prohibits the strict application of the post-conviction statute of limitations to bar a petitioner's claim when the grounds for relief, whether legal or factual, arise after the 'final action of the highest state appellate court to which an appeal is taken' – or, in other words, when the grounds arise after the point at which the limitations period would normally have begun to run." *Sands v. State*, 903 S.W.2d 297, 301 (Tenn. 1995) (quoting Tenn. Code Ann. § 40-30-102(a)); *see also Burford v. State*, 845 S.W.2d 204, 210 (Tenn. 1992).

"A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing." *Whitehead v. State*, 402 S.W.3d 615, 631 (Tenn. 2013) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). A petitioner can establish the second prong of this test "when the [petitioner]'s attorney of record abandons the [petitioner] or acts in a way directly adverse to the [petitioner]'s interests, such as by actively lying or otherwise misleading the [petitioner] to believe things about his or her case that are not true." *Id.* Additionally, establishing that he has pursued his rights diligently "does not require a [petitioner] to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts[.] Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Id.* (citing *Downs v. McNeil*, 520 F.3d 1311, 1323 (11th Cir. 2008)) (internal quotation marks omitted).

Here, while the petitioner claims trial counsel unilaterally abandoned him after the resentencing hearing, the petitioner offered no evidence during the post-conviction hearing to support his claim, including failing to testify himself. Rather, the petitioner simply relied on the statement of post-conviction counsel. Despite the lack of proof, the petitioner, relying on *Antonio Oliver*, contends he is entitled to tolling of the statute of limitations. However, as argued by the State, the instant matter is distinguishable from *Antonio Oliver*.

In *Antonio Oliver v. State*, Oliver was convicted of first-degree murder and sentenced to life in prison. *Antonio Oliver*, No. W2009-02113-CCA-R3-PC, 2011 WL 4432884, at *1. His conviction and sentence were affirmed by this Court on direct appeal; however, no Rule 11 application was filed with the Tennessee Supreme Court. *Id.* Fourteen months after the expiration of the statute of limitations, Oliver filed a petition for post-conviction relief. *Id.* During the hearing, Oliver's trial counsel admitted he had contracted with Oliver to represent him at the motion for new trial, on appeal to this Court, and on appeal to the Tennessee Supreme Court. *Id.* at *1-2. In granting Oliver relief in the form of a delayed appeal, this Court, relying on trial counsel's testimony concerning his contractual obligations, determined that trial counsel had effectively abandoned Oliver's appeal. *Id.* at *5.

The petitioner's circumstances in the instant matter can be distinguished from the *Antonio Oliver*. First, unlike in *Antonio Oliver*, the petitioner in the instant matter failed to offer any proof, including his own testimony, concerning the contractual relationship with retained counsel. The record before us is void of any proof counsel had agreed to represent the petitioner beyond the initial appeal and resentencing hearing. Furthermore, the petitioner has also failed to establish he had a meritorious claim to raise on an appeal after the resentencing hearing. As noted *supra*, this Court affirmed the petitioner's classification as a Range II offender and the imposition of consecutive terms during the initial appeal. *Michael McVay*, No. W2011-02511-CCA-R3-CD, 2013 WL 1858626, at *10. Then at the resentencing hearing, the trial court sentenced the petitioner to the statutory minimum. Thus, the petitioner had no appealable issues after the resentencing hearing. Finally, unlike in *Antonio Oliver*, the petitioner in the instant matter failed to diligently pursue his rights. The amended judgment in this case was entered on March 11, 2014, meaning he had until March 11, 2015, to file his petition for post-conviction relief. However, the petitioner made no effort to pursue post-conviction relief until he filed his petition on December 3, 2019 – four years and eight plus months after the expiration of the statute of limitations.

Accordingly, the petitioner has failed to establish that he was abandoned by trial counsel and that he was prohibited from timely filing his petition for post-conviction relief by circumstances outside of his control. Because the petition is untimely and due process considerations do not require tolling of the statute of limitations, the post-conviction court properly dismissed the petition as time-barred.

Finally, the petitioner insists he is entitled to due process tolling of the statute of limitations because trial counsel failed to inform him about his right to seek post-conviction relief. However, this Court has routinely rejected a claim for due process tolling based on allegations that a petitioner's trial counsel did not advise him about the right to seek post-conviction relief or the method by which to do so. *See Don Edward Carter v. State*, No. W2018-00285-CCA-R3-PC, 2018 WL 6266166, at *3 (Tenn. Crim. App. Nov. 30, 2018), *perm. app. denied* (Tenn. March 28, 2019) (citing *Joseph Nelson v. State*, No. W2012-02234-CCA-R3-PC, 2013 WL 6001955, at *4 (Tenn. Crim. App. Nov. 12, 2013)). Similarly, this Court has said that a petitioner's ignorance of the existence of the statute of limitations, even if the ignorance resulted from an attorney's negligence in advising the petitioner, does not toll the statute of limitations. *Id*. (citing *State v. Phillips*, 904 S.W.2d 123, 124 (Tenn. Crim. App. 1995)). The petitioner has not shown the post-conviction court erred in dismissing his claim based upon the lack of advice from trial counsel and is, therefore, not entitled to relief.

*Conclusion*

Based on the foregoing authorities and reasoning, we affirm the judgment of the post-conviction court.

_____
J. ROSS DYER, JUDGE